# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREA M. DAWSON,

    Plaintiff,

-vs-                                    Case No. 15-CV-76

MILWAUKEE COUNTY SHERIFF DEPARTMENT,

    Defendant.

## DECISION AND ORDER

The plaintiff, Andrea M. Dawson, who is incarcerated at Taycheedah Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated while she was in Milwaukee County custody. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $10.45 and an additional partial filing fee of $10.45. The Court will grant her motion for leave to proceed *in forma pauperis*.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation

omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In her sworn complaint, the plaintiff names only the Milwaukee County Sheriff's Department as a defendant. The Milwaukee County

- 3 -

Case 2:15-cv-00076-WCG   Filed 06/09/15   Page 3 of 7   Document 11

Sheriff's Department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). The Court could change this governmental defendant to Milwaukee County, but in order to establish municipal liability under § 1983, a plaintiff must show deprivation of a federal right that resulted from an express municipal policy, widespread custom, or deliberate act of a decision-maker for the municipality, which proximately caused his injury. *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The plaintiff's complaint does not suggest that her claims relate to or stem from a Milwaukee County policy or custom.

The plaintiff mentions four individual employees of the Milwaukee County Sheriff's Department in the body of her complaint, and the Clerk of Court added those individual names to the docket, but that is not enough to make them defendants. To make someone a party, the plaintiff must mention the person in the caption. *See* Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties."). In *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), the Seventh Circuit confirmed that the Court may not add parties on its own motion. The doctrine that the pleadings of *pro se*

- 4 -

Case 2:15-cv-00076-WCG   Filed 06/09/15   Page 4 of 7   Document 11

plaintiffs should be liberally construed "concerns the substantive sufficiency of allegations and not preliminary steps such as identifying and serving defendants." *Id.*

The Court will provide the plaintiff with an opportunity amend her complaint and will provide her with a copy of the Court's § 1983 prisoner complaint form. Such amended complaint must be filed on or before **Friday, July 10, 2015**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed *in*

*forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Friday, July 10, 2015**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. The Clerk of Court shall provide the plaintiff with a copy of the Court's § 1983 prisoner complaint form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $329.10 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2015.

                                              **BY THE COURT:**

                                              *Rudolph T. Randa*
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**