UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREA M. DAWSON,

    Plaintiff,

  -vs-                                            Case No. 15-CV-76

MILWAUKEE COUNTY,
MILWAUKEE COUNTY JAIL,
W. HENDON,
S. JONES,
SGT. MONTANO, and
SGT. FINKLEY,

    Defendants.

## DECISION AND ORDER

In an Order entered June 9, 2015, the Court granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed her to file an amended complaint. That amended complaint is now before the Court for screening.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

- 2 -

allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On August 28, 2013, the plaintiff was incarcerated at the Milwaukee County Jail. She alleges that she suffered cruel and unusual punishment when defendant Officer W. Hendon physically assaulted the plaintiff. The plaintiff suffered a significant injury and lost the use of three fingers on her right hand. She was denied medical treatment that could have reduced the extent of the damage to her hand and reduced the chance of a permanent injury. After the incident, the plaintiff was thrown into a segregated area without every day essentials, food, and hygiene. She attempted to file grievances to no avail.

The plaintiff suggests that Milwaukee County fails to supervise its officers and states that this incident was not logged and no incident report

was created. The plaintiff also alleges that Milwaukee County failed to address her mental health disorder and that an unnamed psychologist failed to follow proper protocol.

The plaintiff suffers from a permanent injury to her hand and post-traumatic stress disorder. She seeks monetary damages and injunctive relief in the form of reprimands and discipline for the defendants.

The plaintiff may proceed on Eighth and Fourteenth Amendment claims against Hendon regarding excessive force, conditions of confinement, and failure to provide medical treatment after the plaintiff's injury. *See Hudson v. McMillian*, 503 U. S. 1, 4 (1992); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

However, the plaintiff's complaint did not mention any of the other individual defendants or how they may have been involved in any constitutional violations. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). Accordingly, the Court will dismiss defendants S. Jones, Sgt. Montano, and Sgt. Finkley.

The Court now turns to the plaintiff's claims against Milwaukee County and the Milwaukee County Jail. Like the Milwaukee County Sheriff's Department, which the plaintiff named in her original complaint,

- 4 -

the Milwaukee County Jail is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). The Court will dismiss the Milwaukee County Jail as a defendant.

In order to state a § 1983 claim against Milwaukee County, a plaintiff must show deprivation of a federal right that resulted from an express municipal policy, widespread custom, or deliberate act of a decision-maker for the municipality, which proximately caused his injury. *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The plaintiff has suggested that Milwaukee County customs or policies regarding lack of supervision of officers caused the conduct described in complaint. This is not enough to raise the right to relief above the level of speculation. Therefore, the *Monell* claim will be dismissed.

To the extent the plaintiff mentions a psychologist's failure to follow proper protocol, simply violating rules does not automatically constitute a constitutional claim. Additionally, the plaintiff did not identify the psychologist or describe how he or she failed to follow protocol.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the following defendants are **DISMISSED**: S. Jones, Sgt. Montano, Sgt. Finkley, Milwaukee County Jail, and Milwaukee County.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on defendant W. Hendon.

**IT IS ALSO ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, defendant W. Hendon shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each

filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendant. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2015.

                                      **BY THE COURT:**

                                      *(signature)*

                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**