UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDREA M. DAWSON,**

        Plaintiff,

        -vs-                                                                **Case No. 15-CV-76**

**W. HENDON,**

        Defendant.

# DECISION AND ORDER

On November 20, 2015, the Court allowed the plaintiff, Andrea Dawson, to proceed *pro se* on Eighth and Fourteenth Amendment claims against defendant Hendon regarding excessive force, conditions of confinement, and failure to provide medical treatment after the plaintiff's injury. (ECF No. 14). Since that date, the plaintiff has filed a motion to add parties, two motions to appoint counsel, two motions to amend her complaint, and a motion for extension of time.

### I. Plaintiff's Motions to Amend and Add Parties

On December 2, 2015, the plaintiff filed a motion to add parties. It appears she wanted to add Sgt. Montano and the Milwaukee County Jail as defendants, and her five-page document describes her intended claims against them. However, the Court determined in the November 20, 2015, screening order that the plaintiff's amended complaint did not state claims against Sgt.

Montano or Milwaukee County and that the Milwaukee County Jail was not a suable entity under 42 U.S.C. § 1983. To the extent the plaintiff seeks to amend her amended complaint, she did not follow the procedures required by Federal Rule of Civil Procedure 15(a) or Civil Local Rule 15 (E.D. Wis.). The Court will deny the plaintiff's motion to add parties.

A week later, on December 9, 2015, the plaintiff filed a document that was docketed as a motion to amend/correct her complaint. In this document, the plaintiff is attempting, it seems, to add S. Jones and Sgt. Montano as defendants and to state an "aware claim." (ECF No. 18). Once again, though, the Court will deny this motion because it does not comply with the rules regarding amended complaints, nor does it include all of her claims against all of the defendants.

Finally, on March 11, 2016, the plaintiff filed a letter that was docketed as a motion to amend/correct her complaint. In the letter, the plaintiff asks the Court to forgive her and her mental illness. She says she misunderstood the law but now has help and wants a second chance to file an amended complaint. To the extent the plaintiff asks for the opportunity to file a second amended complaint, the Court will grant this motion and provide the plaintiff with the court's § 1983 complaint form and a deadline by which she may file a second amended complaint. If the plaintiff does not file a second amended complaint by the date provided, the Court will enter a Scheduling Order to

move this case forward.

## II. Motions to Appoint Counsel

The plaintiff filed motion to appoint counsel on December 2, 2015, and December 23, 2015. In her first motion to appoint counsel, the plaintiff says that she needs help and is trying her best to follow every step possible. She suggests that "it was stated that the court would appoint me a lawyer" now that she was granted leave to proceed *in forma pauperis*. (ECF No. 16). She advises that her release is May 28, 2016, and she implies that she will pay in full at that time.

The letter to the Court that was docketed as the plaintiff's second motion to appoint counsel is primarily a discussion of the plaintiff's confusion about consent to U.S. Magistrate Judge jurisdiction. If either party refuses to consent, the case stays with the U.S. District Judge. Even though the plaintiff consented, the defendant did not. Therefore, the case will remain before this Court.

The plaintiff also says she can barely write to the Court with two fingers on her dominant hand. She says she hasn't been given or appointed a lawyer by the courts, but these motions in December were the first time she asked for counsel.

The Court does not appoint attorneys to represent indigent plaintiff's in civil cases, but the Court has discretion to recruit counsel to represent a

- 3 -

litigant who is unable to afford one in a civil case and who is unable to represent herself. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

At this stage, the plaintiff has not shown a reasonable attempt to secure private counsel on her own. The Court will deny the plaintiff's motions to appoint counsel. If the plaintiff wants to bring another motion to recruit counsel in the future, she should attempt to contact at least three attorneys and ask them to represent her in this case. Then, if or when she files a motion to recruit counsel, she should include the names and addresses of the attorneys she contacted, as well as a description of how she contacted them (phone, letter, etc.) and any response she received.

However, at this time the Court believes the plaintiff is competent to

- 4 -

file a second amended complaint without counsel (but perhaps with some assistance at the prison). She now knows to use the Court's form and include all of her claims against all of the defendants.

### III. Motion for Extension of Time

Finally, the plaintiff asks the Court for an extension of time to present her declaration with a hired lawyer after her release date, which is May 28, 2016. The plaintiff says that without counsel she is unable to understand the defendant's answer. She asserts that she is disabled and mentally ill and does not understand "lawyer talk," only "telling fact and truth." (ECF No. 27). The Court will not delay this case until the plaintiff is released. As stated above, the Court believes the plaintiff can prepare her second amended complaint.

Also, the plaintiff does not need to respond to a defendant's answer at any time. The next step after an answer (if there are no pending motions, as there are here) is for the Court to enter a Scheduling Order and for the parties to being discovery.

### IV. ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to add parties (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint

counsel (ECF No. 16) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correction complaint claims (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 24) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a second amended complaint on or before **Friday, April 29, 2016**. The plaintiff should use the Court's form, which the Clerk of Court will provide with this Order, and should include all of her claims against all of the intended defendants.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2016.

                                        **BY THE COURT:**

                                        *Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**