# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREA M. DAWSON,

      Plaintiff,

-vs-                                      Case No. 15-CV-76

MILWAUKEE COUNTY JAIL,
W. HENDON,
S. JONES,
SGT. MONTANO, and
SGT. FINKLEY,

      Defendants.

## DECISION AND ORDER

This matter is now before the Court for screening of the plaintiff's Second Amended Complaint, which the Court received on April 29, 2016. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v.*

*County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In her sworn Second Amended Complaint, plaintiff Andrea M. Dawson provides far great detail regarding her treatment at the Milwaukee County Jail in 2013. She describes physical abuse by defendant Officer W. Hendon on August 28, 2013, and says that defendant Officer S. Jones was present and failed to intervene.

The plaintiff may proceed on Eighth and Fourteenth Amendment claims against Hendon regarding excessive force, conditions of confinement, and failure to provide medical treatment after the plaintiff's injury. *See Hudson v. McMillian*, 503 U. S. 1, 4 (1992); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

The plaintiff also may proceed on Eighth and Fourteenth Amendment claims against Jones for failure to intervene. Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v.*

*Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, if he knows about the other person's act and has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

Sgt. Finkley came to the plaintiff's cell door about three minutes after the assault and asked the plaintiff questions to make sure she was coherent. The plaintiff told Finkley that Hendon had broken her hand. Finkley asked the plaintiff to come out of her cell so pictures could be taken of her face, hand, and cell. After his assessment, Finkley wanted to send the plaintiff to the emergency room for treatment for her hand, but Sgt. Montano intervened. Montano, who was Finkley's supervisor, ordered an x-ray technician to come to the Jail. When the break was confirmed, the Health Services Unit bandaged the plaintiff's hand before she was placed in disciplinary segregation pending an investigation of the incident earlier in the day.

Several months later, Montano ordered staff to take the plaintiff to the hospital to attempt to repair the plaintiff's hand, which had not fully healed. The plaintiff refused to go because she was afraid of another

assault.

At this early stage, the Court will allow the plaintiff to proceed on claims against Finkley and Montano regarding their handling of her serious medical need after the assault. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle*, 429 U.S. at 103). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Specifically, the plaintiff asserts that Montano should have sent her to the emergency room for treatment and that Finkley should have insisted that she be sent to the emergency room, even after Montano disagreed.

The plaintiff's claims against Hendon, Jones, Montano and Finkley are all against the defendants in their individual capacities. An official capacity claim would be a claim against Milwaukee County for a policy, custom, or practice.

The plaintiff's final claim is against "Defendant Milwaukee County

Jail, and or Milwaukee County." (ECF No. 31 at 6). However, the plaintiff named only the Milwaukee County Jail in the caption and section naming the parties, and it is "unacceptable for a court to add litigants on its own motion." *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). As the Court advised the plaintiff in a previous order, the Milwaukee County Jail is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)); (ECF No. 14 at 5). The Court will dismiss the Milwaukee County Jail as a defendant.

Even if the plaintiff had named Milwaukee County as a defendant, her complaint does not state a claim for municipal liability. In order to state a § 1983 claim against Milwaukee County, the plaintiff must show deprivation of a federal right that resulted from an express municipal policy, widespread custom, or deliberate act of a decision-maker for the municipality, which proximately caused his injury. *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

The plaintiff alleges it was negligent to not have a camera in her cell for "security and safety" and that she should have been placed in "a mentally ill unit," as she had been on previous stays at the Jail. Neither of

- 5 -

these allegations is sufficient to state a claim that Milwaukee County has a policy or custom that deprived her of her constitutional rights.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendant Milwaukee County Jail is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on defendants Whitney Hendon, S. Jones, Sgt. Finkley, and Sgt. Montano.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**